UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 6:11-cr-401-Orl-31DAB

FREDERICK MERVIN BARDELL

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

The United States of America, by and through the undersigned Special Assistant United States Attorney, respectfully opposes the defendant's Motion to Dismiss Count One of the Indictment.  Count One of the Indictment has been properly alleged and therefore is not subject to dismissal.

## BACKGROUND

On November 30, 2011, a federal grand jury returned a two-count indictment charging the defendant, **FREDERICK MERVIN BARDELL**, with distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2255A(a)(2)(B) and 2255A(a)(5)(B), respectively.  The defendant has moved to dismiss Count One of the indictment on the ground that the United States will be unable to prove the defendant "knowingly" distributed chid pornography using a Peer to Peer file sharing program, namely, eMule.  The defendant concludes that the United States theory of prosecution will fail to establish the defendant's guilt and, therefore, the indictment should be dismissed.

## <u>MEMORANDUM OF LAW AND ANALYSIS</u>

Pretrial motions are governed by Rule 12 of the Federal Rules of Criminal Procedure.  For purposes of a Rule 12(b) motion, a court must accept the factual allegations contained in the indictment as true in order to protect the sanctity of the grand jury and prevent a mini-trial before the trial.  <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956).  If an indictment is valid on its face, a defendant may not challenge it on grounds that allegations in it are not supported by adequate evidence.  *Id*. at 363. Rule 12(b) "is not intended to authorize 'speaking motions' through which the truth of the allegations in an indictment are challenged."  <u>United States v. Ayarza-Garcia</u>, 819 F.2d 1043, 1048 (11th Cir. 1987) (superseded by statute on other grounds).  Moreover, a "pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue."  *Id*. at 1048.

Courts generally consider only the indictment itself to determine whether or not the indictment is sufficient.  <u>United States v. Critzer</u>, 951 F.2d 306, 307-08 (11th Cir. 1992) (per curiam)(in analyzing motion to dismiss indictment for insufficiency, court should look only at face of indictment, not facts government expects to prove).  Courts will not normally find an indictment insufficient unless it fails to state a material element of the offense.  *See* <u>United States v. Lopez</u>, 2 F.3d 1342, 1368 (5th Cir. 1993), *aff'd*, 115 S.Ct. 1624 (1995).

In this case, the defendant argues the United States will be unable to meet its burden of proof at trial with respect to his *mens rea*.  In the motion, the defendant contemplates a defense to counteract any evidence the United States may use to

establish the "knowing" distribution of child pornography.  The defendant cites United States v. Richard C. Handy, 2009 WL 151103 (M.D. Fla.) to support his contention that child pornography on a Peer to Peer network "will not rise to the level of distribution" unless the United States can prove "actual uploading of child pornography intended for others to use."  Hence, he is raising a factual sufficiency argument.  This is precisely the type of argument that is not permitted in a motion to dismiss under Rule 12(b) because it invades the province of the fact finder to deliberate on evidence and determine whether there has been a violation of the statute.

"A motion to dismiss the indictment is not a device for a summary trial of the evidence.  It is directed only to the question of the validity of the indictment on its face, and its sole function is to test the sufficiency of the indictment to charge an offense." United States v. Winer, 323 F. Supp. 604, 605 (D.C. Pa. 1971), *citing,* United States v. Sampson, 371 U.S. 75 (1962).  "The sufficiency of the indictment must be determined from the words of the indictment and the Court is not free to consider evidence not appearing on the face of the indictment." *Id.*

In reviewing the indictment, on its face, the United States has alleged each of the elements of the statute as required to provide the defendant sufficient notice of the criminal offense.  See United States v. Plummer, 221 F.3d 1298, 1302 (11th Cir. 2000), *citing,* United States v. Fitapelli, 786 F.2d 1461, 1463 (11th Cir. 1986) ("In judging the sufficiency of the indictment, the Court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated.").

Accordingly, there is no legal basis (nor has one been alleged in the defendant's motion) to dismiss the indictment.  The defendant's motion, which anticipates that a particular theory of prosecution will be unsuccessful in proving *mens rea,* raises a question of fact and simply cannot be resolved prior to trial as a matter of law by the Court.

WHEREFORE, the United States respectfully requests that the defendant's Motion to Dismiss Count One of the Indictment be denied in its entirety.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney


By:     *s/ Myrna Amelia Mesa*
Myrna Amelia Mesa
Special Assistant United States Attorney
USA No. 122
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:    (407) 648-7500
Facsimile:     (407) 648-7643
E-mail:       myrna.mesa@usdoj.gov

**U.S. v. FREDERICK MERVIN BARDELL**          **Case No. 6:11-cr-401-Orl-31DAB**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 10, 2012, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Philip J. Bonamo, Esquire (counsel for Defendant)

_s/ Myrna Amelia Mesa_
Myrna Amelia Mesa
Special Assistant United States Attorney
USA No. 122
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        myrna.mesa@usdoj.gov