

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:11-cr-401-Orl-31DAB

FREDERICK MERVIN BARDELL

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, FREDERICK MERVIN BARDELL, and the attorney for the defendant, Philip J. Bonamo, mutually agree as follows:

A. **Particularized Terms**

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

2. Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of $250,000, a term of supervised release of 5 years to Life, and a special assessment of $100 per felony count, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials _FMB_   AF Approval _____

offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First:</u>  The defendant knowingly distributed an item or items of child pornography;

<u>Second:</u>  The item(s) of child pornography had been transported in interstate commerce, including by computer over the internet; and

<u>Third:</u>  When the defendant distributed the items, the defendant believed the items were child pornography.

4. Counts Dismissed

At the time of sentencing, the remaining count (Count Two) against the defendant will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _FM B_    2

6. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b), the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has

Defendant's Initials _FM B_                     3

qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: Compaq Presario Laptop Computer.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive

Defendant's Initials _FM B_      4

and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets

Defendant's Initials _FMB_    5

over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

10. <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Homeland Security Investigations or other appropriate agency, were properly seized and are subject to forfeiture to the

Defendant's Initials *FM B*                    6

government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Homeland Security Investigations, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: (1) Compaq Presario Laptop Computer; (2) NZXT Generic Desktop Computer; (3) Maxton One Touch Mini; (4) Alienware Desktop Computer; (5) Flat Panel Monitor; (6) APC Battery Backup; (7) Seagate 500 Gigabite; (8) DVDs; (9) Floppy discs; (10) Gateway Laptop Computer; and (11) Dell Alienware Aurora R3 Gaming Computer.

11.  Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.

Defendant's Initials  _FM B_                                            7

Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

B. **Standard Terms and Conditions**

    1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _FM B_          8

2.  Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the

Defendant's Initials _FMB_                    9

defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.   Defendant's Waiver of Right to Appeal and
     Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including

Defendant's Initials _FMB_                 10

the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials _FM B_    11

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _FMV_    12

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

**FACTS**

On August 31, 2011, Special Agent Joseph Grey, HSI RAC/CB, initiated an online investigation into the possession of child pornography by an individual, later identified as Frederick Mervin BARDELL, using the Internet Protocol (IP) address, 68.202.61.39. The Internet Crimes Against Children (ICAC) database, which is a law enforcement maintained database utilized by federal, state, and local law enforcement agencies in child exploitation investigations nationwide, identified the IP address 68.202.61.39 had been logged 41 times from July 20, 2011 through August 16, 2011, with more than 25 different image or movie files on the eDonkey network.

SA Grey reviewed the file content associated with the IP address 68.202.61.39. He located a number of files containing images of child pornography. One such file was logged on August 7, 2011 at 04:31:10 with the file name: "BOQUETE DA NOVINHA.mpg." The movie depicted an adult male rubbing his penis on a pre-pubescent female child's vagina and the child later performing oral sex on the adult. The child is approximately 8-10 years of age. The video concludes by the adult male ejaculating in child's mouth. This video is in color and is approximately 11 minutes and 42 seconds in length.

Defendant's Initials _FMB_    13

In response to a summons, on September 12, 2011, AT&T determined that the IP address 68.202.61.39 was assigned to the Fred BARDELL, as a subscriber, from April 10, 2011.

On September 20-21, 2011, SA Grey conducted a single source download of one file from BARDELL's shared folder. The file, !!!New – Ptsc – Minha Filhinha Dormindo (10 Aninhos).avi.mpg, is a movie file approximately one minute in length. The video depicts a minor female child approximately 9 to 11 years of age sleeping on a bed. The child is wearing only a t-shirt and is unclothed from the waist down. The focus of the video is on the girl's exposed vagina.

On September 30, 2011, RAC/CB Child Exploitation Task Force Agents executed a federal search warrant at BARDELL's residence in New Smyrna Beach, Florida. Prior to the execution of the warrant, SA Grey and TFA Feaster conducted a knock and talk encounter at this residence at approximately 06:00 hours. SA Grey identified himself to BARDELL, who agreed to speak with the agents on his front porch.

During a recorded interview, BARDELL stated he is the only resident at the premise in New Smyrna, Florida, and has lived there since April 2011. He has one computer which has Internet access, through a LAN line and does not have a wireless router. When SA Grey asked BARDELL if he had ever seen images of child pornography, he initially responded that he had never seen images of child pornography. SA Grey told BARDELL that he knew that images of child pornography had come from BARDELL's IP address. BARDELL stated that he had

Defendant's Initials  FMB              14

no idea how that could be possible. SA Grey asked BARDELL if he ever used file sharing software called "eDonkey" to which BARDELL responded, "Nope."

After several more questions, BARDELL admitted that he had seen images of child pornography on his computer using a Peer to Peer file sharing software. BARDELL admitted that he sought out child pornography on the Internet because he was curious. He also admitted that viewing images of child pornography was a problem for him, but that he never sought treatment for it. BARDELL then invited the agents into the house to speak with him.

BARDELL and the agents sat at his kitchen table. BARDELL admitted he had first seen an image of child pornography on the computer when he first got the Internet in the 1990s. He admitted that he had a preference for female children, not boys. He subscribed to websites that catered to people with sexual interests in children. He described a website that offered fantasy stories of adult sexual encounters with children. BARDELL stated that he often saves the images of child pornography to an external hard-drive that he keeps next to his computer. BARDELL described his knowledge of how the file sharing system functioned, including his knowledge of how and where the files he chooses to download go on his computer.

SA Grey advised BARDELL of his <u>Miranda</u> rights and BARDELL completed a <u>Miranda</u> waiver form. Post-<u>Miranda</u>, BARDELL admitted that he possessed the specific child pornography images that SA Grey asked him about on the front porch initially. BARDELL was cooperative throughout the search process. At times BARDELL was asked and would offer answers about whether images of child

Defendant's Initials _FMB_                    15

pornography would be found on certain media and other items found in the home.

BARDELL walked the agents into his computer room and showed them his "alien-ware" computer and his external hard-drive. SA Grey noticed that on the monitor attached to the alien-ware computer, there appeared to be a file sharing program running. During the execution of the search warrant, agents seized a number of computers and computer related items for forensic examination, which BARDELL identified as containing child pornography and includes: (1) Compaq Presario Laptop Computer; (2) NZXT Generic Desktop Computer; (3) Maxton One Touch Mini; (4) Allen Ware Desktop Computer; (5) Flat Panel Monitor; (6) APC Battery Backup; (7) Seagate 500 Gigabite; (8) DVDs; and (9) Floppy Disks.

After the execution of the search warrant, on November 22, 2011, HSI Child Exploitation Task Force Agent Lonnie Feaster was conducting an online investigation into the distribution and possession of child pornography and located Internet Protocol (IP) address 68.202.60.117 of a user who had image and movie files that have been previously identified as child pornography in other investigations for distribution or sharing. The ICAC database showed that the IP address 68.202.60.117 had been logged dozens of times from October 26, 2011 through November 30, 2011, with more than 60 different image or movie files on the eDonkey network.

On November 22, 2011, a Seventh Judicial Circuit State Attorney's Office Subpoena was submitted to Bright House requesting subscriber information pertaining to the user assigned IP address 68.202.60.117 for the dates corresponding to the time and dates on which the above images of child

Defendant's Initials _FMB_           16

pornography were made available for distribution or sharing. On December 12, 2011, Bright House responded to the subpoena and determined that, on the corresponding listed dates and times, from April 10, 2011, the IP address 68.202.60.117 was assigned Fred BARDELL, New Smyrna Beach, Florida.

During his detention hearing on December 7, 2011, BARDELL testified under oath that after his computer items were seized on September 30, 2011, he purchased, for use in his home, a Laptop Computer and Gaming Computer. By the Court's order, BARDELL released a Gateway Laptop Computer and Dell Alienware Aurora R3 Gaming Computer into his attorney's possession on December 9, 2011.

The final forensic report on items seized on September 30, 2011, revealed BARDELL possessed over 17,000 child pornography images and movies; those images included bestiality, sadistic and masochistic images, and violent rape of children. The forensic examiner concluded his count upon reaching the number 17,000.

10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _FMB_    17

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 13th day of February, 2012.

_____  
FREDERICK MERVIN BARDELL  
Defendant

By: _____  
ROBERT E. O'NEILL  
United States Attorney

Myrna Amelia Mesa  
Special Assistant United States Attorney

_____  
Philip J. Bonamo  
Attorney for Defendant

_____  
Carlos Perez-Irizarry  
Assistant United States Attorney  
Chief, Orlando Division

Defendant's Initials FMB          18