FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

2016 MAY -9 PM 4: 13

Orlando Division

MIDDLE DIST
ORLANDO, FL

UNITED STATES OF AMERICA            )
                                     )
                                     )   6:16-cv-792-Orl-37-DA
            V.                       ) Case No. 6:11-CR-401
FREDERICK  MERVIN BARDELL,          )
                                     )
            Defendant.               )
_____  )

### MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**Statement of Proceedings**

On June 20, 2012, pursuant to a plea agreement **[Exhibit 1]**, Frederick Mervin Bardell [hereinafter "Bardell"] entered a guilty plea to Count One **(Distribution of Child Pornography)** of a Two Count Indictment. The distribution count was based upon the use of a peer-to-peer computer program to download and view the images and photographs. Count Two **(Possession of Child Pornography)** was dismissed in accordance with the plea agreement. **Bardell** was subsequently sentenced to 151 months of incarceration, with special parole of 20 years. The plea agreement also provided, in effect, that the government would not oppose **Bardell's** allocution for a sentence on the lower end of the applicable scale.

**The Guideline Sentence**

According to **Bardell's** Pre-Sentence Report [hereinafter, "PSR"] the total offense level of 34 for the sentence consisted of the following: (1) base offense level of 22 because

the offense involved the distribution of child pornography; (2) plus 2 because the material involved minors under the age of 12 or prepubescent; (3) plus 2 because the distribution involved the use of a peer-to-peer software computer program; (4) plus 4 because the material portrayed masochistic or sadistic conduct; (5) plus 2 because the offense involved the use of a computer; (6) plus 5 because the offense involved over 17,000 images and movies; (7) minus 2 for acceptance of responsibility; and (8) minus 1 because **Bardell** assisted and cooperated with the government in its investigation. **Bardell** does not have a prior criminal record. Thus, he is a first offender relative to the instant case and therefore he has a criminal history category of 1.

**Statement of Facts**

**Bardell** retained counsel to represent him in connection with this Indictment. During the process of representing him, **Bardell** met with his counsel on numerous occasions. It was during these times that was convinced to accept the plea agreement offered by the government. **Bardell** never discussed the merits or **Bardell** demerits of entering a guilty plea to Count I as opposed to Count II of the Indictment with his counsel. Moreover, **Bardell** never reviewed his pre-sentence report in order to prepare a sentencing memorandum prior to his sentencing. **Bardell** reviewed his pre-sentence report on or about February 23, 2015, for the first time. He did not know, nor was he ever advised that he had a right to review his pre-sentence report or to contest the bases for his total offense level. **Bardell** only made 150 to 200 separate downloads of the images or movies onto his computer. Moreover, **Bardell** never intended to traffic in, or distribute, the images or movies on his computer's hard-drive to anyone. He used a peer-to-peer software program to download the images or movies. Notwithstanding these facts, his sentence was based

upon a total offense level of 34; when, in fact, the total offense level should have been 20[1]. **Bardell** never understood why his total offense lever was 34 or why the specific sentence was imposed.

### Bardell's Background

**Bardell** is 49 years old and has been incarcerated since 2012 serving the sentence imposed upon him. He comes from a good family and good home environment and continues to maintain a very close relationship with his family notwithstanding his present incarceration. **Bardell** served twenty-five (25) years in the United States Coast Guard, with eleven (11) of the 25 years stationed on Coast Guard ships.

**Bardell** officially retired on August 31, 2011. As noted on Bardell's Certificate of Release or Discharge from Active Duty, **Bardell** has had extensive training while with the US Coast Guard in many different areas and fields, including electronics, fire control, and emergency medical technician. **Bardell** received numerous commendations, awards, medals, and decorations from the US Coast Guard during his 25-year tenure. He does not have any alcohol or substance abuse problems.

It is because of his review of his **PSR** with the erroneous total offense level calculations and his ineffective assistance of counsel that **Bardell** now brings this motion to vacate, set aside or correct his sentence.

---

[1] See Bardell's arguments, infra.

3

## Argument

### I. Bardell's Guideline Sentence Violates the Double Jeopardy Clause Because of the Multiple Punishments for the Same Offense.

The Fifth Amendment's Double Jeopardy Clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *U.S. Const. amend. V.* This guarantees against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir.2009); Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).* Only the prohibition against multiple punishments for the same offense is addressed by **Bardell** in the case *sub judice.*

Generally, when a defendant has violated two different criminal statutes, the Double Jeopardy Clause protects him from being convicted under both when the statutes prohibit the same act or when one act is a lesser-included offense of the other. *Id. at 1371-72.* "The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the **sentence** of the lesser included offense." *United States v. Boyd, 131 F.3d 951, 954-55 (11th Cir.1997).* Likewise, if a defendant receives multiple punishments for the same offense, the multiple punishments should be corrected to apply only one punishment for the offense. When cumulative sentences are imposed in a single case for conduct arising out of a single criminal transaction, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Thus, where legislative intent is clear, double jeopardy does not bar multiple sentences for convictions arising out of the

4

*same offense. This principle was first enunciated in **Hunter v. Missouri, 103 S. Ct. 673 (1983).** In **Hunter**, a Missouri statute provided that "any person who commits any felony under the laws of the State through the use of a dangerous or deadly weapon is also guilty of the crime of armed criminal action punishable by imprisonment for not less than three years, which punishment shall be in addition to any punishment provided by law for the felony." Hunter was convicted sentenced under both provisions. The Missouri Court of Appeals at 622 S.W.2d 374, reversed Hunter's conviction and sentence for armed criminal action on the ground that his sentence for both robbery and armed criminal action violated the protection against multiple punishments for the same offense provided by the Double Jeopardy Clause of the Fifth Amendment as made applicable to the states by the Fourteenth Amendment. The court construed the robbery and armed criminal action statutes as defining the "same offense" under the test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, i.e., where the same act or transaction constitutes a violation of two distinct statutes, the test for determining whether there are two offenses or only one, is whether each statute requires proof of a fact which the other does not. The State petitioned and was granted certiorari to the United States Supreme Court. The Supreme Court held that "regardless of whether those statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecution may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." The Supreme Court vacated and remanded the Hunter case.*

5

The starting point to determine whether impermissible multiple punishments are imposed for the same conduct in a single case is the statute itself. *18 USC§2252A(a)(2)* provides, *inter alia*:

>   (a) Any person who--
>
> \*              \*              \*
>
> \*              \*              \*
>
>   (2) knowingly receives or distributes--
> **(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;**
>
> \*              \*              \*
>
> \*              \*              \*
>
> **shall be punished as provided in subsection (b).**
>
> **(b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and *imprisoned for not less than 15 years nor more than 40 years. (Emphasis supplied).***

The *Blockburger* test is a 'rule of statutory construction, and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there

6

is a clear indication of contrary legislative intent. "In resolving ... [a] contention that Congress did not intend to authorize multiple punishment for violations of [two distinct statutes], our starting point must be the language of the statutes. Absent a 'clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' " *Id. at 336, 101 S.Ct. at 1141 (quoting Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). See H.R. Conf. Rep. No. 104-863, at 28-34 (1996) (discussing the Child Pornography Prevention Act of 1996); see also H.R. Conf. Rep. No. 95-811, at 5-7 (1977), as reprinted in 1978 U.S.C.C.A.N. 69, 69-71 (1977) (addressing provisions similar to § 2252A); S. Rep. 95-438, at 1-34 (1977), as reprinted in 1978 U.S.C.C.A.N. 40, 40-69 (same).* Of course, **Bardell** understands that this analysis pertains to possession and receipt of child pornography; however, the analysis for multiple punishment for a single statutory offense is no less cogent. The sole provision under which **Bardell** was convicted contains a clear legislative intent in the statute for the enhancement of punishment upon certain conditions: (prior conviction), (under the laws of any State relating to aggravated sexual abuse), (sexual abuse), (abusive sexual conduct involving a minor or ward), (production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography), (sex trafficking of children). **Bardell** has no such prior conviction. In the absence of any prior conviction, we must then look to the legislative history of the act and its relevant amendments to determine whether the legislature clearly and unambiguously expressed an intent to enhance punishment for a violation of the statutory provisions.[2]

---

[2] **This examination will also review whether the Legislature clearly and unambiguously authorized the sentencing commission to enhance punishments. However, the statute under which a penalty is imposed is a nondelegable obligation of the Legislature.**

7

An examination and review of the legislative history of the statutory provisions do not clearly and unambiguously disclose that Congress intended that there be multiple punishments as in the instant case. In fact, the Senate Report **[SR No 104-365]** and the House Report **[HR No.107-26]** for the act clearly and unambiguously disclose that Congress intended enhancements of punishments for the type of offenses listed above under *18 USC§2252A(b)(1)*. For example, the **HR** provides that the depiction of a pre-pubescent child in such child pornography "shall be subject to the penalties set forth in section *2252A(b)(1)*, including the penalties provided for cases involving a prior conviction." (**HOUSE REPORT NO. 107–526, June 24, 2002**). No additional penalties are implicated. In addition, Congress specifically authorized enhancement of penalties if the conduct involved interstate travel to engage in sexual act with a juvenile or for recidivism.

When considering the Sentencing Guidelines, Congress provided:

> **SENTENCING GUIDELINES. -Pursuant to its authority under section 994(p) of title 18, United States Code, and in accordance with this section, the United States Sentencing Commission shall review and, as appropriate, amend the Federal Sentencing Guidelines and policy statements to ensure that the guidelines are adequate to deter and punish conduct that involves a violation of paragraph (3)(B) or (6) of section 2252A(a) of title 18, United States Code, as created by this Act. With respect to the guidelines for section 2252A(a)(3)(B), the Commission shall consider the relative culpability of promoting, presenting, describing, or distributing material in violation of that section as compared with solicitation of such material.**

*18 USC §2252A(b)*. The United States Sentencing Commission may have authority to amend the Federal Sentencing Guidelines (**Guidelines**).[3] Such authority does not supplant the Constitution or the Fifth Amendment. Unquestionably, the **Guidelines** are only advisory and not mandatory. *U.S. v. Booker, 543 U.S. 220 (2005); Cf. Witte v. United States, 515 U.S. 389*

---

[3] **Bardell does not concede this authority as it relates to his sentence.**

8

*(1995).* *(*Although ***Booker*** addressed the circumstance where the sentence imposed exceeded the maximum authorized by statute, the analysis is the same if the sentence exceeds the sentence imposed by the court in similar cases, notwithstanding it has not exceeded the statutory maximum.

So then, neither the statute nor the legislative history of the statute clearly and unambiguously authorize multiple punishment. The task remains to demonstrate the factual application of the Double Jeopardy Clause to **Bardell's** sentence:

- Guideline was enhanced by 2 points because of a pre-pubescent child; however, it has been demonstrated that the use of depiction of a pre-pubescent child in such child pornography "shall be subject to the penalties set forth in section *2252A(b)(1)."* The statute and legislative intent already contemplate the pre-pubescence of the child and therefore to enhance for this characteristic offends the Double Jeopardy Clause as multiple punishment for the same offense.

- Guideline was enhanced by 2 points because of the use of a peer-to-peer computer software program; however, the statute provides:

   **(a) Any person who--**
   
   \*             \*             \*
   \*             \*             \*
   
   **(2) knowingly receives or distributes—**
   
   **(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, *including by computer* (Emphasis provided);**

9

**shall be subject to the penalties set forth in section *2252A(b)(1)*.** The statute and legislative intent already contemplate the use of a computer and therefore to enhance for this characteristic offends the Double Jeopardy Clause as multiple punishment for the same offense. *See United States v. Durham, 618 F.3d 921 (8th Cir. 2010). (mere use of a file sharing program is not sufficient to warrant a distribution enhancement.)*

- Guideline was enhanced by 4 points because the government alleged that the material portrayed sadistic or masochistic conduct; however, neither the statute nor the legislative history provides for such enhancement.[4]

- Guideline was enhanced by 2 points because of the use of a computer; however, this ground has previously been discussed. **(See the discussion regarding use of a peer-to-peer computer software program).**

- Guideline was enhanced by 5 points because the government alleged that the number of images downloaded by **Bardell** totaled 600 or more. **Bardell** only made approximately 80-110 separated downloads. Thus, to cumulate the number of images in each download so that the total images exceeded 600 violates Double Jeopardy. **(See Bardell's Affidavit).**

- The Guideline provides for a decrease of 2 points if there is no evidence that **Bardell** did not intend to distribute the material or images. He did not receive the decrease of 2 points. **(See Bardell's Affidavit).**[5]

---

[4] The factual bases for the charge as outlined by the government does not establish facts which supports sadistic or masochistic conduct.

[5] Again, the factual bases that the government outlined at the Rule 11 proceeding is devoid of evidence of intent.

**Bardell's** Adjusted Offense Level should have been 20 and not 37. Moreover, adjusting for acceptance of responsibility and for his cooperation, would require decreasing the Total Offense Level by 3 resulting in a Total Offense Level of 17, one half of what was calculated. The use of 34 as the Total Offense Level is solely because of a violation of **Bardell's** Fifth Amendment Rights. At most, the range of **Bardell's** sentence should have been 24-30 months and applying the mandatory minimum, the sentence should have been 60 months. Use of a computer, use of peer-to-peer computer software and distribution are all the same offense and should not have been punished multiple times.

**Bardell's** base offense level was 22 because the offense involved distribution **(PSR)**. However, §2G2.2 provides that "If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, **decrease by 2 levels**." **(Emphasis supplied).** Since, the base offense level was not decreased by 2 levels, the base offense level of 22 had already included the distribution aspects of the offense. So then, the starting point for the base offense level should have been 20. The protection against multiple punishments for the same offense is "designed to ensure that the **sentencing** discretion of courts is confined to the limits established by the legislature." ***United States v. Kaiser, 893 F.2d 1300, 1304 (11th Cir.1990 (quoting Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). See, United States v. Bonilla, 579 F.3d 1233, 1241 (11th Cir. 2009).***

If the statute under which the defendant was sentenced specifically authorize cumulative punishments for the same offense, a court may impose cumulative punishment without running afoul of the Double Jeopardy Clause. ***See Garrett v. United States, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985)*** ("Where the same conduct violates two statutory provisions, the

first step in the double jeopardy analysis is to determine whether the legislature ... intended that each violation be a separate offense."). If the statute does not clearly authorize cumulative punishment, however, "the courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial."[6] *Brown, 432 U.S. at 165, 97 S.Ct. 2221.*

## II. The Court Did Not Consider the §3553 Factors in Imposing Sentence Upon Bardell.

Under *18 USC §3553. (a)* **Factors to be considered in imposing a sentence,** provides: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

\*        \*        \*

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;   . . . ." This provision is exactly that which is expressed by Congress in the consideration of the **Guidelines,** above.

The Eleventh Circuit has upheld sentences below the guideline range but in compliance with the mandatory minimum. *See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir.2005); United States v. Williams, 435 F.3d 1350 (11th Cir.2006); United States. v. Halsema, 180 Fed.Appx. 103(2006); United States v. Wachowiak, 412 F. Supp. 2d 958 (E.D. Wis. 2006).* In considering whether a sentence is reasonable, the *§3553(a)* factors serve as guides for the district and appellate courts in determining whether a sentence is reasonable. *United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir.2005).* "We must

---

[6] Even if the Guidelines authorizes cumulative punishment, imposing such punishment offends Double Jeopardy if the Legislature has not authorized such punishment.

evaluate whether the sentence imposed . . . fails to achieve the purposes of sentencing as stated in section *3553(a)*.

***United States v. McBride, 511 F.3d 1293 (11th Cir. 2007)*** was a case very similar to the instant case. McBride pleaded guilty to one count of distributing child pornography, in violation of *18 U.S.C. § 2252A(a)(2)(B)*. In preparing the Presentence Investigation Report (**"PSI"**), the probation officer calculated a base offense level of 22 pursuant to *U.S.S.G. § 2G2.2(a)(2)*. Defendant qualified for enhancements: (1) a two-level enhancement because the material involved a prepubescent minor; (2) a two-level enhancement because the offense involved distribution; (3) a four-level enhancement because the material portrayed sadistic or masochistic conduct; (4) a two-level enhancement because the offense involved a computer; (5) a five-level enhancement because the offense involved more than 600 images. The probation officer also included a three-level reduction for acceptance of responsibility. Defendant's final adjusted offense level was 34. Taking into account Defendant's clean criminal record, the sentencing guideline range was 151–188 months' imprisonment.

Even though the sentencing guideline in *McBride* was identical to **Bardell's**, the court sentenced McBride to 84 months' imprisonment followed by a ten-year period of supervised release. McBride's pre conviction sexual conduct was extensive: At age 16, he pleaded guilty to two counts of lewd acts on a child. One incident involved a 4–year–old girl; the other a 3–year–old girl. Following the incidents, McBride underwent a 30–day assessment and was placed in a residential treatment program for adolescents. During his treatment sessions, McBride failed polygraph exams and admitted to these things: (1) performing oral sex on a 9–year–old boy at age fourteen and having the boy perform oral sex on him; (2) molesting about 5 girls at his church and his workplace at a fast-food restaurant; (3) exposing himself to a 5–year–old boy at

13

age eighteen; (4) watching a 3-year-old girl play naked and later masturbating to the memory; (5) watching a ten-year-old girl play naked and later masturbating to the memory; and (6) placing himself in areas where young children congregated, in violation of a court order. McBride remained in some form of state custody until the age of 20. In 2003, he was again arrested and found to be taking pictures of 3-to-5-year-old girls. With this background, McBride's sentence was upheld by the Eleventh Circuit as reasonable notwithstanding that McBride had also been diagnosed as a pedophile. **Bardell's** sentence represents an impermissible disparity which has not considered the *§3553(a)* factors.

### III.     Bardell Received Ineffective Assistance of Counsel in Violation of His Sixth Amendment Right to Counsel.

The Sixth Amendment guarantees every criminal defendant the right to *effective* assistance of counsel. ***Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).*** Generally, ***Strickland*** held that ineffective assistance of counsel consists of performance below a minimum standard of competence and resulting prejudice. ***See United States v. Rodriguez 283 Fed.Appx. 743(11th Cir. 2008).*** If the defendant makes an insufficient showing on one component, the court need not address the other. ***Id. at 697, 104 S.Ct. 2052.*** Counsel's representation is judged by an objective standard of reasonableness, and "[j]udicial scrutiny of counsel's performance must be highly deferential." ***Id. at 688-89, 104 S.Ct. 2052.*** Unless the defendant can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient. ***Id. at 689, 104 S.Ct. 2052.***

**Bardell's** counsel's performance fell below the minimum standard of competence. First, **Bardell** was advised to enter a guilty plea to distributing child pornographic material when his

14

counsel well knew that **Bardell** had no intent to distribute such material. Even armed with this knowledge, his counsel never contested the 2-point addition for distribution; or, requested the 2-point reduction for lack of intent. A 2-point reduction would have had a substantial impact on the ultimate sentence. It is therefore without question that **Bardell** was prejudiced. Moreover, **Bardell's** counsel never recognized the potential for contesting the other punishment enhancements in violation of Double Jeopardy.

Because over ninety percent of criminal convictions result from guilty pleas, the most important service criminal defense lawyers perform is advising their clients whether to plead guilty and on what terms; negotiating plea agreements; reasonably predicting the outcome of a specific plea; and, challenging or contesting the information contained within a Pre-Sentence Report.[7] In the case at bar, **Bardell's** counsel fell woefully below the minimum standard of competence in these areas of representation. In some instances, it is doubtful whether his counsel performed any service at all.

**Bardell's** counsel either did or failed to do the following:

- Advised him to enter a guilty plea to Count I of the Indictment as opposed to the lesser offense in Count II;[8]

- Negotiated or attempt to negotiate a guilty plea to the less serious offense in Count II of the Indictment;

- Advised **Bardell** that the probable sentence that would be imposed would not exceed 60 months, the statutory mandatory minimum;

---

[7] Gabriel J. Chin and Richard W. Holmes Jr., *Effective Assistance of Counsel and the Consequences of Guilty Pleas*, 87 Cornell L. Rev. 697 (2002).
[8] This statute has no mandatory minimum term of imprisonment; however, there is a maximum sentence of 10 years which Bardell's sentence exceeds.

- Never allowed **Bardell** to review the Pre-Sentence Report;

- Never advised **Bardell** that he could challenge the intent element of the offense to which he entered a guilty plea which resulted in the 2-point enhancement which would not otherwise have been added;

- Never contested the total offense level as shown in this memorandum;

- Never explained all of the rights **Bardell** waived by entering a guilty plea; and

- Never explained the Special Parole provision of 20 years upon his release.

Cumulatively, these acts or omissions by **Bardell's** counsel unquestionably fell below the minimum standards of competence. The full impact of the guilty plea by **Bardell** with all of the resulting consequences are not collateral. Even if they were, "The ABA Standards for Criminal Justice explicitly require defense counsel to explore collateral consequences with the client as part of representation in a guilty plea. *Standard 14-3.2(f)* explains: "[t]o the extent possible, defense counsel should determine and advise the defendant, sufficiently in advance of the entry of any plea, as to the possible collateral consequences that might ensue from entry of the contemplated plea." *Standards for Criminal Justice: Pleas of Guilty, Standard 14-3.2(f) (1999).* This was not done by **Bardell's** counsel.

Professor Anthony Amsterdam's Trial Manual for the Defense of Criminal Cases explains:

> **No intelligent plea decision can be made by either lawyer or client without full understanding of the possible consequences of a conviction. These consequences describe the defendant's potential exposure if s/he goes to trial and is convicted of the offense charged or if s/he pleads guilty to the offense charged with no plea bargain. They are the baseline for measuring the worth of any bargain that can be negotiated; and if the prosecutor will not negotiate they measure the worth of the defendant's chances of acquittal or of conviction only of a lesser included offense.., at a trial. In some defendant's cases the**

16

> **consequences of conviction may be so devastating that even the faintest ray of hope offered by a trial is magnified in significance.**

**Anthony G. Amsterdam, Trial Manual for The Defense of Criminal Cases §201 (4th ed. 1984).** In *Hill v. Lockhart, 474 U.S. 52 (1985),* the Supreme Court recognized the significance of counsel at the pleading stage, holding that the Sixth Amendment grants clients the right to effective assistance of counsel when pleading guilty. The list of **Bardell's** counsel deficiencies all occurred at the pleading or negotiation stage of the proceedings. Hence, the question remains whether **Bardell** was prejudiced.

In *United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984),* the Supreme Court held that some assistance of counsel is so constitutionally deficient such that under the prejudice prong of is presumed. Given the list of **Bardell's** counsel's deficiencies, he was clearly prejudiced. *McCarthy v. United States, 394 U.S. 459 89 S.Ct. 116 (1969); Lafler v. Cooper, 132 S.Ct. 1376, 182 L.Ed.2d 398, 80 USLW 4244 (2012) (Any amount of [increase of] jail time has Sixth Amendment significance). See also, Glover v. United States, 531 U.S. 198 121 S.Ct. 696 (2001) (increase in prison sentence of from 6 to 21 months constituted prejudice required for establishing ineffective assistance, assuming that increase resulted from error in Sentencing Guidelines determination).* Counsel's representation was legally insufficient and caused **Bardell's** sentence to be at least two times what it probably would have been with competent counsel. The result of **Bardell's** deficient representation directly impacted his sentence causing an increase in the number of years of his incarceration.

### Conclusion

The sentence imposed upon **Bardell** violated the Double Jeopardy Clause of the Fifth Amendment and did not consider the *§3553(a)* factors. The failure to bring these errors to the

17

trial court's attention constitutes a violation of the Sixth Amendment. The Court must therefore vacate, set aside, or correct **Bardell's** sentence.

      **WHEREFORE, Bardell** requests the following relief:

a) Require the government to file a response to his motion;

b) Set his motion down for a hearing;

c) vacate, set aside, or correct **Bardell's** sentence;

d) Permit **Bardell** to withdraw his guilty plea in this case; and

e) For such other and further relief as the Court deems just and proper.

THIS ___3rd___ DAY OF ___May___ 2016.

                            RESPECTFULLY SUBMITTED,

                            KIMBERLY L. COPELAND
                            GA. BAR #186783
                            **Attorney for Bardell**

Kim12Cope@aol.com
256 N. Brunswick Street
Jesup, Georgia, 31456-4380
(912) 530-7317
Kim12cope@aol.com

### CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that the foregoing document has been electronically filed with the Clerk of the Court and a true copy has been furnished by United States Mail to Myrna Mesa, Assistant United States Attorney, U.S. Attorney's

Office, 501 West Church Street Suite 300 Orlando, FL 32805, and by email at Myrna.Mesa@usdoj.gov.

THIS ___3rd___ DAY OF ___May___ 2016.

_____
KIMBERLY L. COPELAND