UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDERICK MERVIN BARDELL,**

    **Petitioner,**

v.                                                  **Case No: 6:16-cv-792-Orl-37DCI**
                                                             **(6:11-cr-401-Orl-37DAB)**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

This case involves a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by counsel on behalf of Frederick Mervin Bardell. The Government filed a response to the motion (Doc. 17). Petitioner filed a reply to the Government's response (Doc. 18).

Petitioner asserts one claim for relief, that counsel rendered ineffective assistance by failing to file an appeal after being instructed to do so. For the following reasons, the motion is denied as untimely.

### I. PROCEDURAL HISTORY

Petitioner was charged by indictment with distribution of child pornography (Count One) in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and possession of child pornography (Count Two) in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Criminal Case No. 6:11-cr-401-Orl-37DAB, Doc. 1).[1] Pursuant to a plea agreement, Petitioner pled guilty to Count One and the Government dismissed Count Two. (Criminal Case Doc. 32). The Court sentenced Petitioner

---
[1] Criminal Case No. 6:11-cr-401-Orl-37DAB will be referred to as "Criminal Case."

to a 141-month term of imprisonment. (Criminal Case Doc. 59). Judgment was entered on June 26, 2012. (*Id.*).

Petitioner did not appeal his conviction or sentence. Petitioner initiated the instant action on May 9, 2016. (Doc. 1).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Under the time limitation set forth in § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Petitioner's Judgment was entered on June 26, 2012, and he did not file a direct appeal. Therefore, his conviction became final on July 10, 2012, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires); *see also* Fed. R. App. P. 4(b)(1)(A)(i). Thus, Petitioner had through July

10, 2013, to file his § 2255 motion under § 2255(f)(1). However, Petitioner did not file his motion until May 9, 2016.

In his Reply, Petitioner argues that § 2255(f)(4) applies because he did not discover the factual predicate of his claims until he read his Pre-Sentence Report ("PSR") on June 7, 2015. (Doc. 18 at 1). Petitioner also filed an affidavit attesting that he did not discover what was contained in his PSR until June 7, 2015. (Doc. 3 at 3).

As explained by the Eleventh Circuit,

> under § 2255(f)(4), the statute of limitations "is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." 291 F.3d 708, 711 (11th Cir. 2002). In conducting the inquiry under § 2255(f)(4), the district court should first consider whether the petitioner exercised due diligence. *Id.* If the court finds that he did so, then the one-year limitations period begins to run on the date he actually discovered the relevant facts because the dates of actual and possible discovery would be identical. *Id*. But:
>
>> [I]f the court finds that the petitioner did *not* exercise due diligence, the statute does not preclude the possibility that the petitioner's motion could still be timely under § 2255[f](4). For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery.
>
> *Id.* (emphasis in original). Accordingly, if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the date on which the facts could have been discovered with the exercise of due diligence. *Id.* at 711 n. 1.
>
> Due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* at 712. The due diligence inquiry is an individualized inquiry that "must take into account the conditions of confinement and the reality of the prison system." *Id.* (citation omitted).

*Dauphin v. United States*, 604 F. App'x 814, 817-18 (11th Cir. 2015) (quoting *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002)).

Petitioner has not demonstrated that he exercised due diligence in discovering the facts supporting his claim or pursuing his rights. First, defense counsel represented to the Court at sentencing that he had reviewed the PSR with Petitioner. (Criminal Case Doc. 7). Petitioner did not refute counsel's representation. (*Id.*) Furthermore, even accepting as true Petitioner's attestation that he did not discover the content of his PSR until June 7, 2015, Petitioner offers no explanation why he waited three years after he was sentenced to review his PSR.

A reasonable individual would have reviewed his PSR no later than the date of sentencing. Moreover, if the individual had not read the PSR at the time of sentencing, a reasonable person would have notified the Court of such, particularly if counsel represented that the PSR had been reviewed with the individual. Therefore, the Court concludes that Petitioner could have known the facts underlying his claims with the exercise of due diligence by June 20, 2013, the date he was sentenced. Thus, the § 2255 motion filed on May 9, 2016, was untimely under § 2255(f)(4).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitations and that are not specifically addressed herein have likewise been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Frederick Mervin Bardell is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-401-Orl-37DAB and to terminate the motion (Criminal Case Doc. 65) pending in

that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on May 10th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record