## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

_____

### Orlando Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Case No. 6:11-CR-401 |
| FREDERICK   MERVIN BARDELL, | ) |
| Defendant. | ) |

_____ )

## EMERGENCY MOTION FOR COMPSSIONATE RELEASE; OR, ALTERNATIVELY FOR A REDUCTION OF SENTENCE AND WAIVER OF 30-DAY EXHUASTION REQUIREMENT

**COMES NOW** the Defendant, **FREDERICK MERVIN BARDELL**, **[hereinafter "Bardell"]** and files his motion for compassionate release and shows the Court the following:

**1. Bardell** meets the "extraordinary and compelling" requirements for compassionate release under *U.S.S.G. § 1B1.13*, *application note 1(A)(ii)(I)* of the *Guidelines*.

**2. Bardell's** chronic medical condition, from which he is not expected to recover, substantially diminishes his ability to provide self-care against serious injury or death within the environment of a correctional facility. **See Burrowes Affidavit attached.**

**3.** The *§ 3553(a)* factors do not preclude **Bardell's** early release and/or reduction in sentence.

**4. Bardell** may also be released under the provisions of the *First Step Act of 2018. See 18 U.S.C §3582(c)(1)(A).*

**5. Bardell** has been diagnosed by a practicing physician as probably suffering from terminal cancer.

**6. Bardell's** family can provide him with the crucial medical care he requires at this time.

**7.** The court is respectfully requested to grant **Bardell's** motion.

## Statement of Proceedings and Background

On June 20, 2012, pursuant to a plea agreement, **Bardell** entered a guilty plea to Count One **(Distribution of Child Pornography)** of a Two Count Indictment.  The distribution count was based upon the use of a peer-to-peer computer program to download and view the images and photographs.  Count Two **(Possession of Child Pornography)** was dismissed in accordance with the plea agreement.  **Bardell** was subsequently sentenced to 151 months of incarceration, with special parole of 20 years.  He began serving his sentence on June 26, 2012 and his expected release date is March 2023.  The plea agreement also provided, in effect, that the government would not oppose **Bardell's** allocution for a sentence on the lower end of the applicable scale. **Bardell** is credited with having served approximately 102 months of the sentence imposed, that is more than 65% of the sentence.

## The Guideline Sentence

According to **Bardell's** Pre-Sentence Report at the time of sentencing, his total offense level of 34 for the sentence consisted of the following:  (1)  base offense level of 22 because the offense involved the distribution of child pornography;  (2) plus 2 because the material involved minors under the age of 12 or prepubescent; (3)  plus 2 because the distribution involved the use of a peer-to-peer software computer program; (4)   plus 4 because the material portrayed masochistic or sadistic conduct; (5)  plus 2 because the offense involved the use of a computer;

2

(6)  plus 5 because the offense involved over 17,000 images and movies; (7) minus 2 for acceptance of responsibility; and (8) minus 1 because **Bardell** assisted and cooperated with the government in its investigation. **Bardell** did not have a prior criminal record at the time of his sentence.  Thus, he was a first offender relative to the instant case and therefore he had a criminal history category of 1.  **Bardell's** projected release date is March 10, 2023**.**

## Bardell's Background

  **Bardell** is 54 years old and has been incarcerated since 2012 serving the sentence imposed upon him.  He comes from a good family and good home environment and continued to maintain a very close relationship with his family notwithstanding his present incarceration.  **Bardell** served twenty-five (25) years in the United States Coast Guard, with eleven (11) of the 25 years stationed on Coast Guard ships.

  **Bardell** officially retired on August 31, 2011.  As noted on **Bardell's** Certificate of Release or Discharge from Active Duty, **Bardell** had extensive training while with the US Coast Guard in many different areas and fields, including electronics, fire control, and emergency medical technician.  **Bardell** received numerous commendations, awards, medals, and decorations from the US Coast Guard during his 25-year tenure. He did not have any alcohol or substance abuse problems.

  It is because of his present medical condition that **Bardell** now brings this **Emergency Motion For Compassionate Release; Or, Alternatively For A Reduction Of Sentence and Waiver of the Exhaustion Requirement.**

## BARDELL'S CURRENT MEDICAL CONDITION

Presently, **Bardell** is suffering from unspecified bleeding probably requiring blood transfusions; metastatic liver lesions (suspected cancer); and malignancy in his colon.  These conditions require extensive and constant treatment and are probably terminal.[1]  **See Burrowes Affidavit attached.**

## Argument

The compassionate release provisions of *18 U.S.C. §3582(c)(1)(A)*,  now allows courts to modify sentences not only upon motion from the Director of the Bureau of Prisons **[BOP]** but additionally on a motion from the defendant. A court may now modify a defendant's sentence "if it finds .   .   . that 'extraordinary and compelling reasons warrant such a reduction' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at 2 (S.D. Ga. June 1, 2020); see also United States v. Heromin, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at \*2 (M.D. Fla. June 7, 2019); United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at \*2 (N.D. Ala. Apr. 20, 2020.)*

Furthermore, *§ 3582* requires that a court contemplating a sentence reduction consider "the factors set forth in section *3553(a)* to the extent that they are applicable." *18 U.S.C. § 3582(c)(1)(A);*

---

[1] **Although the physician who recommends Bardell's compassionate release has not physically examined him, in these extraordinary times, most medical diagnosis are now remotely performed.  Moreover, this physician has agreed to appear in court to give his opinion within the court's discretion.**

*United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at \*5 (N.D. Ala. Apr. 20, 2020).*

There are seven (7) factors that must be considered under *18 U.S.C. § 3553(a)*:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  None of these factors requires a denial of **Bardell's** motion.

As of November 2, 2020**, COVID-19** has ravaged our nation with  9,260,026 Americans infected and 230,834 are dead. *Coronavirus Disease 2019 (COVID-19), Cases in the U.S., Centers for Disease Control and Prevention.[2]*  The Court needs no further documentation of the extraordinary and unprecedented challenges this country faces in its battle with the virus. They are known to nearly everyone. *Cf. United States v. Ullings, No. 1:10-CR-00406, 2020 WL 2394096, at \*3 (N.D. Ga. May 12, 2020) compassionate relief granted when Government conceded the merits of the defendant's motion for compassionate relief by not responding and the  § 3553(a) factors did not preclude release.*  Possibly, only two of the factors should be considered, the others are not applicable at this juncture:1and 6.  An examination of these factors do not intrinsically preclude the grant of **Bardell's** motion.  The risk of contracting the disease is what is assessed when considering **Bardell's** chronic medical condition which also presents a very high risk of contracting **COVID-19.**

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html

Given the surge in positive cases at **BOP** sites, in March 2020, Attorney General Barr issued directives to the **BOP** to immediately review all inmates who have **COVID-19** risk factors, as described by the CDC, to determine which inmates are suitable for home confinement. Since the release of the Attorney General's original memo to the **BOP** on March 26, 2020 instructing **BOP** to prioritize home confinement as an appropriate response to the **COVID-19** pandemic, the **BOP** has placed 7,709 inmates on home confinement.[3]

It was reported that FCI Seagoville, a low-security federal correctional facility where **Bardell** is housed, has been the hardest hit federal prison in the nation by the **COVID-19** pandemic with over 72% of its population testing positive for the coronavirus, this according to data released by the **BOP**.   The facility is reporting 1,276 inmates positive with **COVID-19** and three inmate deaths. Those deaths were reported on Tuesday, July 28, 2020; July 25, 2020; and July 16, 2020. Another 14 staff members have tested positive, according to **BOP**.   Given **Bardell's** current condition, the **§ 3553(a)** factors, the Attorney General's policy statement, **Bardell** is an excellent candidate for home confinement where his family will provide him with the severely needed medical care at their own expense.

Finally, the court should find that compassionate release would be consistent with applicable policy statements issued by the Sentencing Commission. The relevant policy statement explains that a court may order a sentence reduction under **§ 3582(c)(1)(A)** when it determines, "after considering the factors set forth in **18 U.S.C. § 3553(a)**," that **"(1)(A)** extraordinary and

---

[3]   *https://www.justice.gov/file/1262731/download*.  **Bardell acknowledges that the Attorney General's Memorandum states that "[s]ome offenses, such as sex offenses, will render an inmate ineligible for home release."  However, because of Bardell's current condition he is not precluded from participation in home confinement.  The Attorney General considered the protection of the public; and, thus if Bardell presented a danger to the community he would probably not be eligible for home confinement.  See the pre-incarceration Psychosexual and Risk Assessment of Bardell by Richard B. Krueger, MD, which concluded that Bardell was not a risk to community nor was there a danger of recidivism.**

compelling reasons warrant the reduction; ... (2) the defendant is not a danger to the safety of any other person or to the community, as provided *in 18 U.S.C. § 3142(g)*; and (3) the reduction is consistent with this policy statement." *U.S.S.G. § 1B1.1*3.  *United States v. Asher, No. 1:09-CR-414-MHC-AJB, 2020 WL 3424951, at \*5 (N.D. Ga. June 15, 2020).*

## BARDELL SHOULD NOT BE REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES.

Normally, a person seeking compassionate release must first comply with the statutory mandates and exhaust all administrative remedies..  However, *18 U.S.C. § 3582(c)(1)* provides an exception to the exhaustion requirement:

> **[A] court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)* (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at \*2 (M.D. Fla. June 7, 2019)* (citing Hamilton in the context of a § 3582(c) motion for compassionate release).**

*United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at \*2 (M.D. Fla. May 15, 2020).*[4]

---

[4] Bardell requested compassionate release on October 16, 2020.  If he has to wait for the expiration of 30 days, it may be too late.

Extraordinary and compelling reasons warrant a reduction of **Bardell**'s sentence and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at 2 (S.D. Ga. June 1, 2020); see also United States v. Heromin, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at \*2 (M.D. Fla. June 7, 2019); Unite*d *States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at \*2 (N.D. Ala. Apr. 20, 2020.).*

In *United States v. Moody, No. 05-80121-CR, 2020 WL 4059766, at \*1 (S.D. Fla. June 16, 2020),* the District Court waived the 30-day requirement observing that "some courts have waived the requirement that a prisoner wait 30 days after filing a request with the warden, finding that a delay in granting compassionate release would unduly prejudice the defendant by potentially exposing him or her to life-threatening conditions." *See United States v. Perez, ——— F.Supp.3d – ———, 2020 WL 1546422, at \*3 (S.D.N.Y. Apr. 1, 2020)* ("Here, even a few weeks' delay carries the risk of catastrophic health consequences for Perez. The Court concludes that requiring him to exhaust administrative remedies, given his unique circumstances and the exigency of a rapidly advancing pandemic, would result in undue prejudice and render exhaustion of the full BOP administrative process both futile and inadequate."); *United States v. Colvin, No. 3:19CR179 (JBA), 2020 WL 1613943, at \*2 (D. Conn. Apr. 2, 2020) (finding that courts may waive a statutorily-mandated exhaustion requirement where "Defendant would be subjected to undue prejudice—the heightened risk of severe illness—while attempting to exhaust her appeals.") Id. at 1.*

The longer the Court waits to grant **Bardell's** Motion, the greater his risk of contracting **COVID-19.** That is why, as previously mentioned, some courts have completely waived the

requirement that a prisoner wait 30 days after submitting a request to the warden. *See United States v. Haney, No. 19-CR-541 (JSR), 2020 WL 1821988, at \*4 (S.D.N.Y. Apr. 13, 2020)* ("the Court concludes that Congressional intent not only permits judicial waiver of the 30-day exhaustion period, but also, in the current extreme circumstances, actually favors such waiver, allowing courts to deal with the emergency before it is potentially too late."); *Cf.. United States v. Amelio Mack, No. 3:13-CR-206-J-32MCR, 2020 WL 6044560, at \*4 (M.D. Fla. Oct. 13, 2020); United States v. Milner, No. 516CR325LAGCHW, 2020 WL 2744088, at \*6 (M.D. Ga. Apr. 20, 2020); United States v. Feucht, No. 11-CR-60025, 2020 WL 2781600, at \*2 (S.D. Fla. May 28, 2020); United States v. McCall, No. 2:18CR95-MHT, 2020 WL 2992197 (M.D. Ala. June 4, 2020).* If **Bardell** is required to wait for at least another 30 days, it increases his odds of contracting **COVID-19** and his ultimate death. Since **Bardell** has presently served almost 9 years years—approximately 65% of his sentence he may therefore now be released under the *First Step Act.*

## Conclusion

**Bardell** has demonstrated extraordinary and compelling reasons which warrants his compassionate release and the waiver of the administrative exhaustion requirement. The Court should grant **Bardell's** Motion.

**WHEREFORE, Bardell** requests the following relief:

a)  Waive the administrative exhaustion requirement;

b)  Set his motion down for a hearing should the Court desire oral argument and testimony from Celio O. Burrowes, MD;

c)  Reduce **Bardell's** sentence to time served;

d)  Alternatively, allow **Bardell** to serve the remainder of his sentence on home confinement, with or without conditions; and

e)  For such other and further relief as the Court deems just and proper.

**THIS 6th  DAY OF NOVEMBER 2020.**

**RESPECTFULLY SUBMITTED,**

*|S| Kimberly L. Copeland*
**KIMBERLY L. COPELAND**
**GA. BAR #186783**
**Attorney for Bardell**

**Kim12Cope@aol.com**
**256 N. Brunswick Street**
**Jesup, Georgia, 31456-4380**
**(912) 530-7317**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been electronically filed with the Clerk of the Court and a true copy has been furnished by United States Mail to Myrna Mesa, Assistant United States Attorney, U.S. Attorney's Office, 501 West Church Street Suite 300 Orlando, FL 32805, and by email at Myrna.Mesa@usdoj.gov.

**THIS 6th  DAY OF NOVEMBER 2020.**

*|S| Kimberly L. Copeland*
**KIMBERLY L. COPELAND**