UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. Case No. 6:11-cr-401-Orl-37DAB

FREDERICK MERVIN BARDELL

# ORDER

Before the Court is Defendant Frederick Mervin Bardell's motion for compassionate release. (Doc. 77 ("**Motion**").) The Government responded (Doc. 80) and Mr. Bardell replied (Doc. 81).[1] On review, the Motion is denied.

## I. BACKGROUND

Mr. Bardell pled guilty to distribution of child pornography; he was found with over 17,000 child pornography images and movies saved on his electronic devices. (Docs. 32, 42.) Mr. Bardell was sentenced to 151 months' imprisonment on June 21, 2012. (Doc. 59.) To date, he has served about 102 months of that sentence and he has an expected release date in March 2023. (Doc. 77, p. 2.)

Mr. Bardell is currently incarcerated at FCI Seagoville, which is suffering an outbreak of COVID-19.[2] (Doc. 80, p. 2.) He is 54 years old and is likely suffering from

[1] The Court also viewed the victim impact statements submitted by the Government. (*See* Docs. 82, 84.)

[2] Fed. Bureau of Prisons, *COVID-19 Coronavirus Cases*, https://www.bop.gov/coronavirus/ (last accessed Dec. 1, 2020). At its peak, 72% of the population at FCI Seagoville tested positive. (Doc. 77, p. 6.)

colon cancer with metastasis to the liver. (Doc. 77, pp. 3–4; Doc. 77-1, ¶¶ 4–7.) Dr. Celio O. Burrowes examined Mr. Bardell's laboratory results and medical records and concluded there has been an inordinate delay—over a year of clear symptoms—in testing or treating Mr. Bardell for cancer, and without early treatment this cancer will become terminal. (Doc. 81-1, ¶¶ 3–4, 7.) Mr. Bardell requested compassionate release from the warden of his facility on October 17, 2020; the request was denied. (Docs. 80-3, 80-4.) So Mr. Bardell asks the Court for compassionate relief. (Doc. 77.) Briefing complete, the matter is ripe. (*See* Docs. 80–82.)

## II. LEGAL STANDARDS

The statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, prescribes the limited circumstances in which a court may modify a term of imprisonment. A court may grant a request for compassionate release if it finds: (1) the defendant has exhausted his administrative remedies with the Bureau of Prisons ("**BOP**"); (2) the relevant § 3553(a) factors support release; (3) extraordinary and compelling reasons warrant compassionate release; and (4) the defendant is not a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The defendant must show relief is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

The sentencing factors courts consider include the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," to afford adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a).

And the Sentencing Commission has listed four circumstances that qualify as "extraordinary and compelling": (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; or (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13, cmt. n.1; *see also Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020).

## III. ANALYSIS

First, the Court notes the administrative requirement has been met. (*See* Docs. 80-3, 80-4.) Mr. Bardell asks the Court to waive this requirement—but with the passage of time this is no longer necessary. (*See* Doc. 77, pp. 7–8.) The Court may grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). As 30 days have passed from the Warden's receipt of Mr. Bardell's request, the Court may proceed on the merits of the Motion. (*See* Docs. 80-3, 80-4.)

But Mr. Bardell has not shown an extraordinary and compelling reason for his release. The Court takes seriously Mr. Bardell's cancer diagnosis—and is very concerned with Dr. Burrowes' allegations that the BOP has inordinately delayed testing and treatment for Mr. Bardell. (Doc. 81-1, ¶¶ 3–4, 7.) At this time, however, the Court remains satisfied the BOP has the capacity to meet Mr. Bardell's medical needs. And there is no

evidence Mr. Bardell would have access to better care should he be immediately released. While Dr. Burrowes is a practicing physician, Mr. Bardell hasn't shown the doctor specializes in oncology, has particular expertise with colon cancer, or would treat Mr. Bardell should Mr. Bardell be released. (*See* Doc. 77-1, ¶ 1.) The Court will send a copy of this Order to the warden of his facility, however; should the delay continue, there may be cause to question the BOP's capacity to adequately care for Mr. Bardell. But as yet Mr. Bardell hasn't shown an extraordinary or compelling reason for relief. Compassionate release due to a medical condition "is an extraordinary and rare event." *See United States v. Rodriguez-Orejuela*, No. 03-CR-20774-MORENO, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) (cleaned up). If Mr. Bardell has cancer and it is treated, Dr. Burrowes concludes survival may be "reasonably achieved"—and so this condition doesn't warrant release. (Doc. 77-1, ¶ 9); U.S.S.G. § 1B1.13, app. note 1(a)(i), (ii). And Mr. Bardell has already suffered—and recovered from—COVID-19, which weighs strongly against his arguments that the pandemic constitutes extraordinary and compelling reasons. (*See* Doc. 77, pp. 5–6; *cf.* Doc. 80-2, p. 7.) So Mr. Bardell has not shown release is warranted.

Even if he had shown an extraordinary and compelling reason, the § 3553(a) sentencing factors don't favor release and Mr. Bardell poses a danger to the community. *See* 18 U.S.C. §§ 3142(a), 3553(a), 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. He was sentenced to 151 months' incarceration for distribution of child pornography—and the Court's analysis under the § 3553(a) factors is unchanged today. (Doc. 59); *see also Rodriguez-Orejuela*, 2020 WL 2050434, at *7. Serving less than his full sentence undermines the need

for a just sentence and one that that promotes respect for the law and is both a general and specific deterrent. (*See* Doc. 59); *cf.* 18 U.S.C. § 3553(a). And Mr. Bardell poses a danger to the community. He used child pornography for over 20 years to gratify himself; he collected over 17,000 images; and the images he did view included bestiality, sadistic and masochistic images, and the violent rape of children—including images involving the bondage of children under five years of age. (Presentence Investigation Report, ¶¶ 13, 20; Doc. 73, pp. 13:25–14:5, 15:3–16:4, 17:4–7.) Given this, Mr. Bardell poses a danger to the community and the § 3553 factors weigh against release.

The Court is mindful of the concerns of incarcerated individuals during the COVID-19 pandemic given the significant health risks to inmates confined in correctional facilities, especially those with any underlying medical conditions. The Court also notes the BOP's extensive and aggressive efforts to mitigate the spread of COVID-19 and maintain the safety and security of BOP institutions. (*See* Doc. 80, pp. 3–6); *see also* Fed. Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. Given these efforts, Mr. Bardell's failure to show an extraordinary and compelling reason, the § 3553(a) factors, and the danger he poses to the community, release is not warranted.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED:**

1. Defendant Frederick Mervin Bardell's Emergency Motion for Compassionate Release (Doc. 77) is **DENIED.**

2. The Clerk is **DIRECTED** to send a copy of this order to the Warden of the Seagoville Federal Correctional Institute.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 2, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Warden, Seagoville Federal Correctional Institute
Defendant Frederick Mervin Bardell