IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Orlando Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| V. | ) Case No. 6:11-CR-401 |
| **FREDERICK   MERVIN BARDELL,** | ) |
| Defendant. | ) |
| | ) |

## SECOND EMERGENCY MOTION FOR COMPASSIONATE RELEASE

**COMES NOW** the Defendant, FREDERICK MERVIN BARDELL, **[hereinafter "Bardell"]** and files his second emergency motion for compassionate release and shows the Court the following:

1. **Bardell** meets the "extraordinary and compelling" requirements for compassionate release under *U.S.SG 51B].13, application note I(A)(ii)(I)* of the Guidelines.

2. **Bardell's** chronic medical condition, from which he is not expected to recover, has substantially diminished his ability to provide self-care within the environment of a correctional facility.

3. The *3553(a)* factors do not preclude **Bardell's** early release and/or reduction in sentence.

4. **Bardell's** condition has substantially worsened, since he filed his first motion, due to a lack of proper and timely medical treatment.[1]  **See Dr. Schmidt's Affidavit attached.**

5. **Bardell's** family is prepared to air ambulance him to MD Anderson Cancer Center in Houston, Texas, should the Court grant this motion.

6. **Bardell** has served almost 90% of his sentence.

---

[1] **Bardell has finally had a colonoscopy but was told it would be two weeks before the results are available.  See Schmidt's Affidavit to the contrary.**

7. With the Court's permission, **Bardell** hereby adopts the analysis and memorandums from his first Emergency Motion for Compassionate Release and his Reply to the Government's Response to the Motion, such memorandums having been filed on November 3, 2020 and November 14, 2020, respectively.

**ARGUMENT**

When a motion for compassionate release is brought before the Court, the following is the analysis the Court must undertake:

a. Determine whether the defendant has exhausted his administrative remedies with BOP;[2]

b. The Court should consider the factors set forth in section *3553(a)* to the extent that they are applicable;

c. The Court should then consider whether there are extraordinary and compelling reasons which warrant release as outlined in *U.S.S.G. § 1B1.13 cmt. n.1;*

d. The Court should determine whether the defendant poses a danger to the safety of any other person or to the community, as provided in *18 U.S.C. § 3142(g);* and

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020); Cf. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

**The *§3553(a)* Factors Do Not Preclude Bardell's Release.**

The applicable sentencing factors under *§3553(a)* include:

**(1)** The nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** The need for the sentence imposed—

---

[2] The Court has already determined that Bardell has exhausted his Administrative remedies. See order of December 2, 2020.

(a) Sentence should reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(c) Sentence should protect the public from further crimes of the defendant; and

(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** The kinds of sentences available;

**(4)** The kinds of sentence and the sentencing range established for—

(a) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

**(5)** The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(6)** The need to provide restitution to any victims of the offense.

*18 U.S.C. § 3553(a).*

It is clear that factors 3-6 are presentence. The character of the defendant was addressed in his first Emergency Motion for Compassionate Release and will therefore be repeated here for the convenience of the Court.

**Bardell's Background**

**Bardell** is 54 years old and has been incarcerated since 2012 serving the sentence imposed upon him. He comes from a good family and good home environment and continued to maintain a very close relationship with his family notwithstanding his present incarceration. **Bardell** served twenty-five (25) years in the United States Coast Guard, with eleven (11) of the 25 years stationed on Coast Guard ships.

**Bardell** officially retired on August 31, 2011. As noted on **Bardell's** Certificate of Release or Discharge from Active Duty, **Bardell** had extensive training while with the US

3

Coast Guard in many different areas and fields, including electronics, fire control, and emergency medical technician. **Bardell** received numerous commendations, awards, medals, and decorations from the US Coast Guard during his 25-year tenure. He did not have any alcohol or substance abuse problems.

To date, **Bardell** has been a model prisoner and does not have any incident reports from any of the facilities he has been incarcerated. He has served almost 90% of his sentence. **Bardell** has been in numerous counseling sessions and is rehabilitated, weighing heavy in favor of release.

### The Need for The Sentence Imposed

The initial sentence imposed upon **Bardell** was more than sufficient to vindicate the requirements of justice. The 151 months sentence is more than adequate. The average sentence as reported by the United States Sentencing Commission for offenders who were similarly convicted as **Bardell w**as 116 months.[3] **Bardell** has served approximately 134 months out of 151 months. Thus, the almost 90% of his sentence which is about 9% above the average for his offense, certainly affords adequate deterrence to criminal conduct; and, is a just sentence and one that that promotes respect for the law and is both a general and specific deterrent. Certainly, for the government to doggedly insist that **Bardell** serve the full 151 months when his life is at stake demonstrates a complete lack of compassion.

### Bardell's Condition Is Extraordinary and Compelling When a Delay in His Treatment.

This Court may grant compassionate relief if it finds that extraordinary and compelling reasons warrant such a reduction....and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *18 U.S.C. §3582(c)(1)(A)(I).* Moreover, under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of

---

[3] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Child_Pornography_FY18.pdf

imprisonment ... if, after considering the factors set forth in *18 U.S.C. §3553(a),* to the extent they are applicable, the court determines that ... extraordinary and compelling reasons warrant a reduction, the defendant is not a danger to the safety of any other person or to the community, as provided in *18 U.S.C. §3142(g);* and the reduction is consistent with this policy statement." *U.S. Sentencing Guidelines Manual §1B1.13 (U.S. Sentencing Comm'n 2018).*

Extraordinary and compelling reasons exist if the defendant is suffering from a terminal illness or the condition substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover*. §1B1.13, cmt. n.1(A).* **Bardell's** condition is terminal.

In this Court's order of December 2, 2020, the Court stated that it would ". . . send a copy of this Order to the warden of his facility, however; should the delay continue, there may be cause to question the BOP's capacity to adequately care for Mr. Bardell." Apparently, the Order did not cause the BOP to be any more diligent in getting **Bardell** treated for his cancer. Not only did it delay his treatment and diagnosis, after performing a colonoscopy on January 29, 2021, almost two months after the Order was entered, there appears to be another delay in reading the results. In this case, time is of the essence.

**Bardell Is Not a Danger to The Safety of Any Other Person or To the Community**

Prior to his sentence, **Bardell** was examined by Richard B. Krueger, MD. The Court is probably aware of the report but for the Court's convenience it is hereby attached as **Exhibit 1.** Dr. Krueger, who is a psychiatrist, conducted a psychosexual and risk assessment upon **Bardell** and essentially found that there was at most a very low risk of recidivism.

More recently, on September 17, 2020, **Bardell** was assessed by BOP and the findings corroborate Dr. Krueger's after almost nine years. **See Exhibit 2.** The Male Pattern Risk Scoring is a tool used, *inter alia,* to assess the probably of an inmate's potential for recidivism. The Pattern Tool determines two separate categories. The first is the risk of general recidivism,

5

defined as a new arrest or return to BOP custody. The second is the risk of violent recidivism, defined as a new arrest or return to BOP custody due to a violent offense. Each individual is given a score for both general and violent recidivism. These scores help determine whether an individual is at a minimum, low, medium, or high risk of recidivism. If an individual is found to be at minimum risk of both general and violent recidivism, he or she is classified as having an overall minimum risk of recidivism. An individual who is at a lower than medium risk in both general and violent recidivism (but not minimum in both) is determined to be at a low risk of recidivism overall. Those who receive a high-risk score in either general or violent recidivism are given a designation of high risk of recidivism. Finally, those who are found to be at neither minimum, low, or high risk are classified as at medium risk. In the BOP scoring system, **Bardell** scored minimum and therefore clearly does not present a risk of harm the safety of any person or the community. https://www.ncjrs.gov/pdffiles1/nij/254799.pdf; https://famm.org/wp-content/uploads/PATTERN-Tool-FAQ.pdf .

Finally, in connection with **Bardell's** first motion for compassionate release, the government filed what it believed to be victim impact statements. Those statements are generic in nature and the victims are not personally known to **Bardell** nor is **Bardell** personally known to them. These are letters that the government will take out of its file and submit to the court in every case like **Bardell's.** Those specific victims would probably not have known about **Bardell's** motion if the government had not informed them. **Bardell** is not making light of the harm that has been done to these victims. On the contrary, he suffers deep remorse for his conduct. However, why compound the injury by reminding victims of their traumatic ordeal every time a motion of this type is filed?

## **CONCLUSION**

**Bardell** has demonstrated to this Court that his condition constitutes extraordinary and compelling reasons which warrants his release; he has shown that the *18 U.S.C. §3553(a)*

factors do not militate against his release; and, **Bardell** has shown that he is not a danger to any other person or the community should this Court allow him a compassionate release.

  WHEREFORE, **Bardell** requests the following relief:

**a)** Require the government to file its response immediately;

**b)** Reduce **Bardell's** sentence to time served;

**c)** Alternatively, allow **Bardell** to serve the remainder of his sentence on home confinement, with or without conditions; and

**d)** For such other and further relief as the Court deems just and proper.

  **THIS 2nd DAY OF FEBRUARY 2021.**

             **RESPECTFULLY SUBMITTED,**

             /S/Kimberly L. Copeland
             **KIMBERLY L. COPELAND**
             **GA. BAR #186783**
             **Attorney for Bardell**

**Kim12Cope@aol.com**
**256 N. Brunswick Street**
**Jesup, Georgia, 31456-4380**
**(912) 530-7317**

## CERTIFICATE OF SERVICE

  The undersigned attorney does hereby certify that she has this day served a true and correct copy of the foregoing **SECOND EMERGENCY MOTION FOR COMPASSIONATE RELEASE** in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

  **THIS 2nd DAY OF FEBRUARY 2021.**

             /S/ Kimberly L. Copeland
             **KIMBERLY L. COPELAND**