UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:11-cr-401-Orl-37DAB

FREDERICK MERVIN BARDELL

**UNITED STATES' RESPONSE TO DEFENDANT'S SECOND EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

The United States opposes the defendant's second emergency motion for compassionate release because the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of such a release, and the defendant has not established extraordinary and compelling circumstances.

**PROCEDURAL HISTORY**

On November 6, 2020, the defendant filed a motion for compassionate release, relying in large part on a suspected colon cancer diagnosis. (Doc. 77.) The government opposed the motion (Doc. 80), and filed numerous letters from the defendant's victims, who also opposed the defendant's release. (Docs. 82, 84.) The defendant filed a reply (Doc. 81), and the Court denied the motion (Doc. 85).

In denying the motion, the Court stated that the defendant had not shown an extraordinary and compelling reason for his release based on his suspected cancer diagnosis, and that there was no evidence that the defendant would have access to better care if immediately released. Moreover, the Court noted that even if he had shown an extraordinary and compelling reason, the sentencing factors set forth in 18

U.S.C. § 3553(a) do not favor release and that the defendant poses a danger to the community. (Doc. 85 at 3-5.)

**ARGUMENT**

In a case such as this one—where the defendant has satisfied the 30-day lapse period set forth in 18 U.S.C. § 3582(c)(1)(A)—the Court:

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The applicable policy statement by the Sentencing Commission states that, to qualify for compassionate release, the defendant must not be a "danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

First, the Court should deny the defendant's request for compassionate release because the Court's initial sentence of 151 months' incarceration for distribution of child pornography was based on an analysis of § 3553(a) factors that apply with equal force today. As the Court noted in its first Order (Doc. 85), the defendant had been found with more than 17,000 child pornography images and movies, and that material included bestiality, sadism, masochism, and depictions of children being violently raped. And the defendant had used these child sex abuse images to gratify himself for more than 20 years. (Presentence Investigation Report ¶¶ 13, 20; Doc. 73 at 13:25-14:5, 15:3-16:4, 17:4-7; Doc. 85 at 5.)

Moreover, the defendant has served only 80% of his prison term, counting gain time. (*See* Ex. A; not counting gain time, he has served only 68% of his term.) Taking that into account, alongside the defendant's offense conduct and the ongoing danger he poses to the community, release at this time—before the defendant has served his full term—would undermine the need for a justice sentence and would not promote respect for the law. Also, numerous victims of the defendant's offense conduct have voiced their strong opposition to his early release. (*See* Docs. 82, 84.)

Second, the Court should deny the defendant's motion for compassionate release because, in any event, he has not established extraordinary and compelling reasons for such relief. The defendant's medical records and the affidavit that Dr. Schmidt submitted in support of the defendant's second motion both indicate that—consistent with its duty—the Bureau of Prisons (BOP) has been actively taking steps to address the defendant's medical concerns. (*See* Ex. B – Medical Records from Feb. 2, 2020 to present; Doc. 86-1.)

On December 18, 2020, the defendant underwent an EGD (esophagogastroduodenoscopy), a procedure that examines the esophagus, stomach, and first portion of the duodenum. The examining doctor found gastritis and a Schatzki's ring, and "no evidence of malignancy." (Doc. 86-1 at 2.) That doctor recommended a colonoscopy, which was performed on January 29, 2021. (*Id.*) The results from that colonoscopy are pending. (*Id.*) Although Dr. Schmidt opined that certain medical records are consistent with a cancer diagnosis, she did

not provide a definitive diagnosis—let alone a *terminal* cancer diagnosis—nor does it appear that she could.

In sum, BOP continues to actively address the defendant's medical conditions, and there is no indication that he cannot receive adequate care in BOP's custody. The BOP records indicate that aspects of his care have already taken place off-site with outside consultants (*see* Ex. B at 1), further demonstrating that BOP is making substantial and ongoing efforts to meet the defendant's medical needs. In addition, the defendant has not made any showing that his condition impacts his ability to provide self-care in prison.

## CONCLUSION

Because the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of such a release, and the defendant has not established extraordinary and compelling circumstances, the Court should deny the defendant's motion.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Emily C. L. Chang*
EMILY C. L. CHANG
Assistant United States Attorney
USA No. 166
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: 407-648-7500
Facsimile: 407-648-7643
E-mail: emily.chang@usdoj.gov

**U.S. v. Frederick Mervin Bardell** **Case No. 6:11-cr-401-Orl-37DAB**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kimberly L. Copeland, Esquire

*/s/ Emily C. L. Chang*
EMILY C. L. CHANG
Assistant United States Attorney
USA No. 166
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: 407-648-7500
Facsimile: 407-648-7643
E-mail: emily.chang@usdoj.gov