UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:11-cr-401-RBD-DAB

FREDERICK MERVIN BARDELL

## ORDER

Before the Court is Defendant Frederick Mervin Bardell's second emergency motion for compassionate release. (Doc. 86 ("**Second Motion**").) The Government responded (Doc. 88) and Mr. Bardell replied (Doc. 91). On review, the Second Motion is granted.

### I. BACKGROUND

Mr. Bardell pled guilty to distribution of child pornography and was sentenced to 151 months' imprisonment on June 21, 2012. (Docs. 32, 42, 59.) To date, he has served a little over 80% of his statutory sentence. (Doc. 88-1, p. 3; *see also* Doc. 88, p. 3.)

Mr. Bardell moved for compassionate release on November 6, 2020—arguing he was likely suffering from colon cancer with metastasis to the liver and was entitled to release. (Doc. 77 ("**First Motion**").) Mr. Bardell attached an affidavit by Dr. Celio O. Burrowes, who had examined Mr. Bardell's laboratory results and concluded there was an inordinate delay in diagnosing and treating Mr. Bardell for colon cancer. (Doc. 77-1.) The Court denied the First Motion, noting that while it was "very concerned with Dr. Burrowes' allegations," it remained satisfied "[a]t this time" the Bureau of Prisons

("**BOP**") had the capacity to meet Mr. Bardell's medical needs. (Doc. 85.) And the Court noted while Dr. Burrowes was a practicing physician, "Mr. Bardell hasn't shown the doctor specializes in oncology . . . ." (*Id.* at 4.) The Court cautioned the BOP however that, "should the delay [in diagnosis and treatment] continue, there may be cause to question the BOP's capacity to adequately care for Mr. Bardell." (*Id.*)

Mr. Bardell finally—on January 29, 2021—received the gravely needed colonoscopy but was told results would not be available for one to two weeks. (Doc. 86-1, ¶ 21.) So, three months after filing his First Motion, Mr. Bardell filed his Second Motion for compassionate release. (Docs. 77, 86.) He has now provided the Court with two affidavits by Dr. Judy L. Schmidt, M.D., F.A.C.P. (Docs. 86-1, 91-1.) Dr. Schmidt has oncology experience—screening for colorectal cancer and caring for patients with colorectal cancer. (Doc. 86-1, ¶ 10.) She had an oncology fellowship with the Mayo Clinic and has been an active member of the American Society of Clinical Oncology since 1989. (Doc. 86-2.) Dr. Schmidt opines the BOP has not taken steps to address Mr. Bardell's medical concerns, the colonoscopy should have been given in November 2019 with the onset of symptoms, and that clinical results from a colonoscopy should have been available at the time of study and the pathology results should generally be available in one to two days. (Doc. 86-1, ¶¶ 14, 21; Doc. 91-1, ¶ 4.) Dr. Schmidt also noted Mr. Bardell's medical records indicated he is now jaundiced—which means he is at risk for ascending cholangitis and liver failure, and needs to be referred to a medical institution by air ambulance immediately. (Doc. 86-1, ¶¶ 21–22.)

So Mr. Bardell requests immediate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 86). Briefing complete, the matter is ripe. (*See* Docs. 88, 91.)

## II.   LEGAL STANDARDS

The statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, prescribes the limited circumstances in which a court may modify a term of imprisonment. A court may grant a request for compassionate release if it finds: (1) the defendant has exhausted his administrative remedies with the BOP; (2) the relevant § 3553(a) factors support release; (3) extraordinary and compelling reasons warrant compassionate release; and (4) the defendant is not a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The defendant must show relief is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

The sentencing factors courts consider include the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," to afford adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a). And the Sentencing Commission has listed four circumstances that qualify as "extraordinary and compelling": (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; or (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13, cmt. n.1; *see also Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020).

### III.   ANALYSIS

First, the Court notes the administrative requirement has been met. (*See* Docs. 80-3, 80-4.) As 30 days have passed from the Warden's receipt of Mr. Bardell's request for compassionate release, the Court may proceed on the merits of the Motion. (*See id.*); 18 U.S.C. § 3582(c)(1)(A).

Second, Mr. Bardell has shown an extraordinary and compelling reason for release. In Dr. Schmidt's professional medical opinion, "[t]he delay in treatment for this sigmoid colon cancer caused by the prison will, more likely than not, cost Mr. Bardell his life in a matter of weeks to months." (Doc. 86-1, ¶¶ 12–13, 25.) Dr. Schmidt also opines, unequivocally, release is necessary so Mr. Bardell may receive "life-saving emergency treatment at an institution specializing in the emergent treatment of metastatic colon cancer," and metastatic colon cancer is a terminal diagnosis. (Doc. 91-1, ¶¶ 12–13.) And Dr. Schmidt contends the "delay in addressing the defendant's medical concerns has allowed this tumor to progress from a stage III with an average cure rate of 71% in November 2019 to a stage IV disease in September 2020." (*Id.* ¶ 5.) The Government argues the medical records show the BOP is meeting its duty and taking steps to address Mr. Bardell's medical concerns. (Doc. 88, p. 3.) But the Government provides no medical experts of its own to support these claims, which in part contradict Dr. Schmidt's sworn expert statements. So Mr. Bardell has shown he is suffering from a terminal illness—an extraordinary and compelling reason for relief. *See* U.S.S.G. 1B1.13(1)(A)(i); *see also United States v. Roberts*, No. 09-0140-CG-B, 2020 WL 6281401, at *3 (S.D. Ala. Sept. 14, 2020).

And Mr. Bardell meets the other requirements for compassionate release. Mr. Bardell has now served over 80% of his sentence. (*See* Doc. 88-1, p. 3). Dr. Schmidt swears that by failing to treat Mr. Bardell, the BOP has allowed his cancer to progress from stage III to stage IV—and now Mr. Bardell is facing liver failure. (Doc. 91-1, ¶ 5; Doc. 86-1, ¶¶ 21–22.) Given the difficulties of Mr. Bardell's current illness and the significant portion of his sentence that he has already served, the § 3553(a) factors favor release.

Finally, the Court will modify the terms of Mr. Bardell's supervised release to mitigate any danger he may pose to the community. The terms of release require Mr. Bardell to comply with the Sex Offender Registration and Notification Act (42 U.S.C. § 16901 *et seq.*), participate in a mental health treatment program specializing in sexual offender treatment, and refrain from use of a computer and contact with minors without prior written approval of the probation officer. (*See* Doc. 59.) Additionally, the Court will order home confinement for a period of one year, with the exception that Mr. Bardell may travel and leave his home to attend medical appointments and receive necessary treatment. Such visits must be coordinated with the Probation Office. Given these constraints, Mr. Bardell does not pose an unreasonable danger to the community. *See* 18 U.S.C. §§ 3582(c)1)(A)(i), 3142(g).

### IV. CONCLUSION

It is **ORDERED AND ADJUDGED:**

1. Defendant Frederick Mervin Bardell's Second Emergency Motion for Compassionate Release (Doc. 86) is **GRANTED.**

2. Defendant Frederick Mervin Bardell's previously imposed sentence of 151 months (Doc. 59) is **REDUCED TO TIME SERVED.**

3. Defendant's previously imposed conditions of supervised release are **MODIFIED, as follows:**

    a. The Court **IMPOSES twelve (12) months** of home confinement as a condition of supervised release **PROVIDED** the Defendant may attend doctor's appointments and medical treatment that is coordinated with the United States Probation Office;

    b. In all other respects, Defendant's previously imposed conditions of supervised release (*see* Doc. 59) are unchanged.

4. Defendant Frederick Mervin Bardell's counsel shall work with the United States Probation Office to create an approved plan of release as quickly as possible. Counsel for Mr. Bardell and the Government shall file joint status reports every **seven (7) days** from the date of this Order summarizing all progress made toward creating a compliant plan of release until Defendant is released. Counsel shall immediately notify the Court upon Defendant's release.

5. The Federal Bureau of Prisons is **DIRECTED** to release Defendant Frederick Mervin Bardell immediately after the United States Probation Office approves a release plan.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2021.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record